IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERSON NUNEZ,                          :
                                       :
        Plaintiff                      :
                                       :  CIVIL NO. 3:CV-07-1147
    vs.                                :
                                       :  (JUDGE VANASKIE)
UNITED STATES, ET AL.,                 :
                                       :
        Defendants                     :

MEMORANDUM

On June 27, 2007, Gerson Nunez ("Plaintiff"), who currently resides in Anchorage,

Alaska[1] initiated this action pursuant to the Federal Tort Claims Act ("FTCA")[2] and the

Freedom of Information Act ("FOIA")[3] while incarcerated at the Canaan Federal Prison Camp,

Waymart, Pennsylvania ("FPC-Canaan").   Named as Defendants are the United States of

America, "General Counsel", and the Federal Bureau of Prisons ("BOP").  Dkt. Entry # 1, p. 2.

Plaintiff states that he was transferred from another federal correctional facility to FPC-

Canaan on July 20, 2005.  He indicates that among the personal property items which he

---

[1] See Dkt. Entry # 39.

[2] Under the FTCA, the sovereign immunity of the United States is waived with respect to suits alleging the commission of certain torts.  See Simon v. United States, 341 F. 3d 193, 200 (3d Cir. 2003). The only proper Defendant for purposes of an FTCA claim is the United States of America.  See 28 U.S.C. § 2679(d).

[3] The FOIA requires that federal government information including agency records, with certain exceptions, be made available to the public.  See 5 U.S.C. § 552.

brought from his former correctional institution was a Sony radio.  Following a February 15, 2006 search of his inmate locker by FPC-Canaan officials, his Sony radio was confiscated and ultimately destroyed because the inmate's register number had been removed from the radio in violation of prison policy.  In his initial FTCA claim, Plaintiff alleges that confiscation of his radio was improper since it had been cleared for admission into the prison with the register number sanded off.

Nunez's second FTCA claim regards an additional loss of property which occurred as a result of a March 15, 2006 shake down search at FPC-Canaan.  Specifically, his Complaint contends that during this search, prison officials improperly confiscated his blue towel and ribbed T-shirt which had also been previously admitted into the prison.

In his third claim, Plaintiff seeks relief under the FOIA based upon the General Counsel's[4] purported failure to respond to two FOIA requests which he initiated in October of 2006.

Gerson exhausted the required administrative remedies on the FTCA claims before bringing suit.  He asserted the FOIA claims without pursuing the administrative appeal process.

Presently pending is Defendants' motion to dismiss or for summary judgment.  The

---

[4] Defendants indicate that Plaintiff is referring to BOP's General Counsel Kathleen Kenney.

motion (Dkt. Entry # 24) is ripe for consideration.

Discussion

_____Defendants' pending dispositive motion is supported by evidentiary materials outside

the pleadings.  Nunez has responded to the motion by presenting additional documents.

Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the
> pleading are presented to and not excluded by the court, the
> motion must be treated as one for summary judgment under Rule
> 56. All parties must be given reasonable opportunity to present all
> the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).  The Court will not exclude the evidentiary materials accompanying the

Defendants' motion and Plaintiff's response.  Thus, the motion will be treated as one for

summary judgment.

Summary judgment is proper if "the pleadings, the discovery and disclosure materials

on file, and any affidavits show that there is no genuine issue as to any material fact and that

the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also*,

Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001).  A factual dispute is "material" if

it might affect the outcome of the suit under the applicable law.  Anderson v. Liberty Lobby,

Inc., 477 U.S. 242, 248 (1986).  A factual dispute is "genuine" only if there is a sufficient

evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-

moving party.  Id. at 248.  The court must resolve all doubts as to the existence of a genuine

issue of material fact in favor of the non-moving party.  Saldana, 260 F.3d at 232; *see also* Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992).    Unsubstantiated arguments made in briefs are not considered evidence of asserted facts.  Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint.  *See* Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).  Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  Id. (internal quotations omitted); *see also* Saldana, 260 F.3d at 232 (citations omitted).  Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial."  Celotex, 477 U.S. at 322-23.  "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'"  Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).[5]

---

[5]  It is noted that Defendants' summary judgment motion characterizes Plaintiff's Complaint as including Bivens- type civil rights claims and sets forth arguments addressing

(continued...)

The FTCA Claims __

Defendants initially argue that they are entitled to entry of summary judgment on the basis of mootness with respect to the FTCA claim relating to the confiscation of Nunez's blue towel and ribbed t-shirt.  Specifically, Defendants assert that since those personal property items were returned to Plaintiff, his FTCA claim is moot.  See Dkt. Entry # 26, p. 4.

The adjudicatory power of a federal court depends upon "the *continuing* existence of a live and acute controversy." Steffel v. Thompson, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).

Defendants acknowledge that an incident report issued to Nunez relating to the confiscation of his towel and t-shirt was expunged by correctional officials.  As a result of that administrative determination, "Nunez's towel and t-shirt were returned to him." Id.  In support of their argument, Defendants have submitted a declaration under penalty of perjury by BOP Paralegal Susan Albert who states that based upon her review of the BOP computerized records, the t-shirt and towel were returned to Nunez on July 29, 2006.  See Dkt. Entry # 26, Exhibit B, ¶ 7.  Also submitted is a copy of an internal prison log entry indicating that those

_____

[5](...continued)
such claims.  Based on this Court's review of the Complaint as well as Nunez's confirmation that he "did not file any claims under bivens," it is apparent that Plaintiff is not pursuing any civil rights claims.  Instead, Plaintiff restricts this case to FTCA and FOIA claims.

personal property items were returned to Nunez.  See id. at Exhibit B-3.

In his opposing brief, Plaintiff contends that his towel and t-shirt were never returned and Defendants cannot prove that they were given back.  See Dkt. Entry # 35, p. 3.  Since the sole supporting evidence relied upon by Defendants, an unsubstantiated written entry in a prison log book, does not adequately establish that Nunez's towel and t-shirt were returned, it cannot be said that the claim pertaining to the towel and t-shirt is moot.

Defendants also assert that adjudication of the FTCA claims is not warranted because they do not fall within the FTCA's limited waiver of sovereign immunity.  Under the FTCA, the United States waives sovereign immunity for torts involving "injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  As Defendants argue, however, exempted from the general waiver of sovereign immunity is "[a]ny claim arising in respect of the . . . detention of any . . . property by . . . any . . . law-enforcement officer."  28 U.S.C. § 2680(c).

In Ali v. BOP, 128 S. Ct. 831, 840-41 (2008), the Court held that corrections officers are covered by the term "any law enforcement officer," thus precluding liability based upon a claim that federal prison officials caused the loss of an inmate's property.  Since the decision in Ali,

-6-

claims similar to those presented by Nunez have been dismissed.  See Corley v. United States, Civil Action No. 5:08cv177DCB-MTP, 2008 WL 5412422, at *4 (S.D. Miss., Dec. 23, 2008) (federal inmate's claim for the loss of property by corrections officers barred by 28 U.S.C. § 2680(c)); Stafford v. U.S. Bureau of Prisons, Civil Action No. 7:08-CV-82-KKC, 2008 WL 1924124, at *2 (E.D. Ky. April 29, 2008) (claim that corrections officers' negligence caused loss of inmate's property barred by 28 U.S.C. § 2680(c)); Jebril v. Federal Bureau of Prisons, Civil Action No. 08-CV-10159, 2008 WL 2788541, at *1 (E.D. Mich. July 16, 2008) (FTCA claim for property lost while in federal prison dismissed under 28 U.S.C. § 2680(c)).

In Wadley v. Warden, Civil Action No. 7:08-cv-00362, 2008 WL 2455445 (W.D. Va., June 16, 2008), the inmate asserted a claim similar to that presented by Nunez.  The inmate asserted that property (a pair of tennis shoes) was wrongfully removed from his cell during a search and not returned.  In dismissing the claim, the court wrote:

> [A]s the *Ali* decision makes it clear that prison officials qualify as "other law enforcement officers" for purposes of the exemption set forth in § 2680(c), the officers' detention of Wadley's property, whether that detention was negligent or wrongful, falls squarely within the exception. Thus, . . . the official conduct of which he complains remains cloaked in sovereign immunity, as it is exempted from the waiver in § 1346(b). As sovereign immunity bars Wadley's claims, his complaint fails to state any claim upon which relief can be granted and must be dismissed accordingly. . . .

Id. at *2

An identical conclusion is compelled here.  Nunez complains of a loss arising out of the detention of property by corrections officers in the pursuit of their duty to seize inmate

-7-

contraband.  Whether the loss was negligent or otherwise wrongful, and FTCA claim

concerning the loss of the property is barred.  Thus, the FTCA claims will be dismissed.

      The FOIA Claims

      Defendants next argue that the FOIA portion of Nunez's Complaint is premature

because there has not been a final administrative denial of his two requests.  See Dkt. Entry #

26, p. 16.  Indeed, the exhibits submitted by Plaintiff in opposition to the motion indicate that

proceedings under the FOIA were being pursued by Plaintiff after he brought this action.  (Dkt.

Entry 37, Exhibits 18 through 24.)  It is thus evident that the administrative process had not

been completed when this action was brought.

      The FOIA provides administrative remedies, including an appeals process by which

individuals can request information from federal agencies.  If a person fails to exhaust his

available administrative remedies prior to filing a FOIA suit in federal district court, jurisdiction

over his action may be declined.  See McConnell v. United States, 4 F.3d 1227, 1240-41 (3d

Cir. 1993); Thomas v. Internal Revenue Service, No. 3:03CV2080, 2004 WL 3185316 *3 (M.D.

Pa., Nov. 2, 2004).  Exhaustion of administrative remedies is generally required to allow the

appropriate federal agency the initial opportunity to exercise its discretion and expertise and to

make a factual record regarding its determination with respect to the FOIA request.  See Id.;

Oglesby v. Department of the Army, 920 F. 2d 57, 64 (D.C. Cir. 1990).

      That Plaintiff had not exhausted administrative remedies when he brought this action is

made clear by the fact that on August 9, 2007, after this lawsuit had been filed, the BOP sent Plaintiff a letter requesting that he provide more specific information regarding the budgetary records which he was seeking.  See Dkt. Entry # 37, Exhibit 24.  Plaintiff responded by submitting a more specific request on August 22, 2007.  See id. at Exhibit 25.  As to his initial FOIA request for information pertaining to himself, Plaintiff received a letter dated October 24, 2007, and Plaintiff was advised that he could file an administrative appeal if he was dissatisfied with that response.

It is thus indisputable that Nunez brought this action before exhausting administrative remedies under FOIA.  Accordingly, the FOIA claims will be dismissed. See Hardy v. Daniels, No. CV05-955, 2006 WL 176531 *1 (D. Or. Jan. 23, 2006) ("[w]here a plaintiff has failed to exhaust within the administrative system, the district court will dismiss the case for lack of jurisdiction").

Conclusion

For the reasons set forth above, Defendant's Summary Judgment Motion will be granted. An appropriate order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERSON NUNEZ,                          :
                                       :
        Plaintiff                      :
                                       :  CIVIL NO. 3:CV-07-1147
     vs.                               :
                                       :  (JUDGE VANASKIE)
UNITED STATES, <u>ET</u> <u>AL</u>.,   :
                                       :
        Defendants                     :

<u>ORDER</u>

NOW, this 29th Day of January, 2009, for the reasons set forth in the foregoing

Memorandum, IT IS HEREBY ORDERED THAT:

     1.  Defendants' summary judgment motion (Dkt. Entry 24) is GRANTED.

Plaintiff's FTCA claims are barred by sovereign immunity, and his FOIA claims are dismissed,

without prejudice, for failure to exhaust administrative remedies before bringing this action.

     2.  The Clerk of Court is directed to mark this matter CLOSED.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge